**UNITED STATES of America,**
**Appellee,**

v.

**Robert Douglas STEWART, Appellant.**

No. 23336.

United States Court of Appeals
Ninth Circuit.

July 2, 1969.

Mitsuo Uyehara (argued), Honolulu, Hawaii, for appellant.

Michael R. Sherwood (argued), Asst. U. S. Atty., Yoshimi Hayashi, U. S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLEY, MERRILL and ELY, Circuit Judges.

PER CURIAM:

This appeal follows a trial in which the appellant was convicted for stealing United States property. 18 U.S.C. § 641. Seeking reversal, the appellant's appointed counsel urges, most adroitly, that our court should adopt a new test of criminal responsibility and abandon Sauer v. United States, 241 F.2d 640 (9th Cir.), cert. denied, 354 U.S. 940, 77 S.Ct. 1405, 1 L.Ed.2d 1539 (1957), and its progeny. The record, however, undermines the contention. It reveals that the District Judge, who presided without a jury, afforded the defense with every opportunity to present all its evi-

dence concerning the appellant's mental capacity. The expert testimony offered by the defense is contained in a report written by an examining psychiatrist. This report was admitted as evidence by stipulation, and we have carefully reviewed it. The expert's conclusions were simply to the effect that the appellant suffered from some type of neurosis and that he knowingly committed theft because he wanted to assert himself.[1] There is no suggestion that he did not know right from wrong, or that his criminal act resulted from a mental disease or defect which, under any recognized mental test of criminal responsibility, might have excused him. In his oral argument in the court below, appellant's only suggestion of an alternative to the application of *Sauer* was the suggestion that the court apply the test of Durham v. United States, 94 U.S. App.D.C. 228, 214 F.2d 862, 45 A.L.R. 2d 1430 (1954). The court correctly remarked that, even should *Durham* be applied, the evidence would not support a determination that appellant was legally insane when the offense was committed.[2]

Affirmed.

1. The pertinent part of the examining physician's conclusions reads:

"Mr. Stewart attempted to compensate for his feeling of being of no value by accumulating things to himself of material value and hence the stealing. If he had made high marks in school rather than low or mediocre, the collection of material objects would not have been necessary to his unconscious self image. This phase of stealing resulting in Mr. Stewart's present situation would likely not have occurred had he stayed with the parents. This seems likely as he kept reasonably well psychiatrically by compensating for his school marks by excelling in other areas. For example, he is an Eagle Scout, Assistant Scoutmaster, Distinguished marksman in the Junior National Rifle Association, a qualified scuba diver, a bird bander with the Fish and Wildlife Service, etc. He was at one time President of the Fort Shafter Youth Fellowship Association. But to his peers in college none of this counted for much and his marks were poor or mediocre at least at the beginning. Unconsciously he fell back or (regressed) to seeking symbolic personal value through possession of a wealth of material objects."

2. "MR. INGMAN: [The appellant's attorney] Just before the decision of any appeal in this case, what I had in mind is asking the Court whether it is possible for it to make a finding as to the sufficiency or insufficiency of the evidence, if the Durham Rule is held by the Supreme Court to be the rule that applies. In other words, to avoid any possible pretrial [sic] of this case in the event that that rule doesn't—

"THE COURT: I have studied the reports of both psychiatrists, Dr. Cody and Dr. Smith, and listened carefully to Dr. Smith's testimony, and even on the basis of those reports and testimony, perhaps in my ignorance, I cannot find that even the Durham Rule is dissatisfied. I can't find that, that even under that rule it is dissatisfied under the decisions given." Record at 108.